IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN B. SMITH AND JANA D. SMITH,<br><br>    Plaintiffs,<br><br><br><br>vs.<br><br><br><br>BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP, RECONTRUST COMPANY, N.A.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO LIFT STAY AND DENYING PLAINTIFFS' MOTION TO STRIKE<br><br><br><br><br><br>Case No. 2:11-CV-430 TS |

This matter is before the Court on Defendants BAC Home Loans Servicing, and ReconTrust's Motion to Lift Stay and Plaintiffs Steven B. Smith and Jana D. Smith's Motion to Strike.

1

On October 28, 2011, the parties filed a stipulated motion to stay the case, which the Court granted. In their motion, the parties "stipulated that this case be stayed to allow the parties to explore the possibility of settlement."[1] The Court then issued the following order:

> Therefore, it is hereby ORDERED that this litigation shall be stayed indefinitely. It is also ORDERED that any party may move the Court to return to active litigation any time prior to dismissal of the case upon fourteen days notice to the other parties and to the Court.[2]

On July 13, 2012, Defendants filed a Motion to Dismiss for Failure to State a Claim, a Motion to Lift Stay, and an Answer and Counterclaim. In response, On July 20, 2012, Plaintiffs filed a Motion to Strike Defendants' Motion to Dismiss. Plaintiffs have not filed a response to Defendants' Motion to Lift Stay.

The parties dispute the consequences of Defendants' actions in filing other Motions before the stay was lifted. Plaintiffs argue that all of the filings made by Defendants during the time the stay was in place must be stricken because the timing of such filings is prejudicial to Plaintiffs. Defendants respond that Plaintiffs are not prejudiced because Plaintiffs' time to respond to Defendants' filings will not begin to run until the stay is actually lifted. Thus, it should make no difference whether Defendants file before or after the stay is actually lifted.

Plaintiffs argue that they are still prejudiced because Defendants' filings were a surprise that prevents Plaintiffs from amending or voluntarily dismissing their complaint. Defendants

---

[1]Docket No. 5, at 1.

[2]Docket No. 6, at 2.

respond that they would stipulate to Plaintiffs dismissing their case, and that Plaintiffs may still request leave to amend their complaint.

Although it would have been proper for Defendants to wait until the stay was lifted to file any motions with the Court, the Court does not find any prejudice to Plaintiffs if Defendants' motions are allowed to stand. Accordingly, the Court will lift the stay, deny Plaintiffs' Motion to Strike, and allow Plaintiffs adequate time to respond to Defendants' motions.

It is therefore

ORDERED that Defendants' Motion to Lift Stay (Docket No. 12) is GRANTED. The stay previously granted in this matter (Docket No. 6) is lifted. It is further

ORDERED that Plaintiffs' Motion to Strike (Docket No. 17) is DENIED. Plaintiffs' are directed to respond to Defendants' Motion to Dismiss and Counterclaim within twenty-eight (28) days from the date of this Order by either: (1) voluntarily dismissing the case; (2) seeking leave to amend their complaint; or (3) opposing Defendants' Motion to Dismiss and responding to Defendants' Counterclaim.

DATED   October 10, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge