IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN B. SMITH AND JANA D. SMITH,<br><br>    Plaintiffs,<br><br><br><br><br><br>                vs.<br><br><br><br>BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP, RECONTRUST COMPANY, N.A.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS<br><br><br><br><br><br><br><br>Case No. 2:11-CV-430 TS |

This matter is before the Court on Defendants' Motion to Dismiss and Plaintiffs/Counterclaim Defendants' Motion to Dismiss.  For the reasons stated below, the Court will grant both Motions.

### I.  BACKGROUND

This matter arises out of a dispute over property located at 1000 E. Weber Canyon Road, Oakley, Utah.   On August 3, 2007, Plaintiffs Steven and Jana Smith recorded a warranty deed

1

("First Warranty Deed") to the property.[1]  On that same day, Plaintiffs executed a Deed of Trust ("Trust Deed") on the property which named KeyBank as the Beneficiary and Mortgage Electronic Registration Systems, Inc. as the trustee.[2]  The legal description of the property contained in the First Warranty Deed differed from the legal description of the property described in the Trust Deed.

On November 1, 2007, another warranty deed ("Second Warranty Deed") was recorded "to correct the legal description for Parcel 1 as contained in that certain Warranty Deed recorded August 3, 2007 . . . ."[3]  The legal description contained in the Second Warranty Deed agrees with the legal description in the Trust Deed.

On October 1, 2008, Plaintiffs and KeyBank executed an Amendment to Security Instrument ("Amendment").[4]  The Amendment states that the "Borrower(s) hereby agrees as follows: 1. The first paragraph of the Security Instrument is hereby amended by deleting March 1, 2038 as the maturity date and inserting August 1, 2038 in lieu thereof."[5]  The Amendment also includes two paragraphs describing when the Amendment becomes effective, and concludes "[e]xcept as amended by this Amendment, all provisions of the Security Instrument are ratified

---

[1]Docket No. 11-1.

[2]Docket No. 11-2.

[3]Docket No. 11-3.

[4]Docket No. 11-4.

[5]*Id.* at 1.

and confirmed and shall remain in full force and effect."[6]  Nowhere does the Amendment purport

to change the legal description of the of the real property covered by the Trust Deed.  However,

prior to discussing the agreement made between the lender and borrower, the document describes

the security instrument that the Amendment applies to as the security instrument "recorded on

August 3, 2007 . . . . See legal description attached."[7]  The attached legal description does not

contain the same description as the Trust Deed, but instead contains the incorrect legal

description from the First Warranty Deed.[8]

On January 11, 2011, Defendant BAC Home Loans Servicing ("BAC"), as the current

beneficiary of the Trust Deed,[9] recorded a Substitution of Trustee ("Substitution") naming

Defendant ReconTrust as successor trustee under the Trust Deed.[10]  On that same day,

ReconTrust recorded a Notice of Default and Election to Sell.[11]  Subsequently, ReconTrust

mailed versions of the Substitution and Notice of Default to Plaintiffs.

Plaintiffs allege that the version of the Substitution they received "(i) was not signed; (ii)

did not show the recording date as required by Utah law; and (iii) was also not a copy of the

recorded Substitution of Trustee in that it contains an extra page and other differences from the

---

[6]*Id.*

[7]*Id.*

[8]*Id.* Ex. A.

[9]Docket No. 11-5.

[10]Docket No. 11-6.

[11]Docket No. 11-7.

version that was recorded."[12]  Similarly, Plaintiffs allege that the version of the Notice of Default

they received "(i) is not signed; (ii) contains no acknowledgment; (iii) states that it is 'Dated:

January 21, 2011'(while the actual recorded Notice of Default states that it is 'Dated: January 7,

2011'); and (iv) includes other differences from the version that was recorded."[13]

## II.  STANDARD OF REVIEW

A.      RULE 12(b)(6)

In considering a motion to dismiss for failure to state a claim upon which relief can be

granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from

conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as

the nonmoving party.[14]  Plaintiffs must provide "enough facts to state a claim to relief that is

plausible on its face,"[15] which requires "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."[16]  "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17]

---

[12]Docket No. 2-2, at 7.

[13]*Id.*

[14]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.
1997).

[15]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[16]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17]*Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[18]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[19]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20]  Thus,

> notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, "[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[21]

B.     RULE 9(b)

Certain of Plaintiffs' claims involve fraud.  Fed. R. Civ. P. 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

---

[18]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[19]*Iqbal*, 556 U.S. at 678–79 (alteration in original) (internal quotation marks and citations omitted).

[20]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[21]*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

mistake."  "Simply stated, a complaint must 'set forth the time, place and contents of the false

representation, the identity of the party making the false statements and the consequences

thereof.'"[22]  "Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of

the alleged fraud."[23]

### III.  DISCUSSION

A.      DEFENDANTS' MOTION TO DISMISS

Several of the causes of action contained in Plaintiffs' Complaint are based on an alleged

violation of Utah Code Ann. § 57-1-26(2).  Utah Code Ann. § 57-1-26(2)(a) requires that:

> Not later than 10 days after recordation of a notice of default, the trustee or
> beneficiary shall mail a signed copy of the notice of default:
> (i) by certified or registered mail, with postage prepaid;
> (ii) with the recording date shown;
> (iii) addressed to each person whose name and address are set forth in a request
> that has been recorded prior to the filing for record of the notice of default; and
> (iv) directed to the address designated in the request.

In addition, a successor trustee is also required to provide notice of the substitution of trustee "in

the manner provided in Subsection 57-1-26(2) . . . ."[24]

"The purpose of strict notice requirements in a nonjudicial sale of property secured by

trust deed is to inform persons with an interest in the property of the pending sale of that

---

[22]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting
*Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[23]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702,
727 (10th Cir. 2006) (internal quotation marks and citation omitted).

[24]Utah Code Ann. § 57-1-22.

property, so that they may act to protect those interests."[25]  "The objective of the notice is to prevent a sacrifice of the property.  If that objective is attained, immaterial errors and mistakes will not affect the sufficiency of the notice or the sale made pursuant thereto."[26]

     *1.*    *Fraud*

A review of Plaintiffs' Complaint reveals that Plaintiff's fraud claim falls well short of the requirements of Fed. R. Civ. P. 9(b).  Plaintiffs' Complaint does not allege that Defendants knowingly or recklessly made any false representation to Plaintiffs.  Instead, Plaintiffs' Complaint alleges that when Defendants recorded the Substitution and Notice of Default, they represented that Defendant ReconTrust had been properly appointed Trustee with standing to commence non-judicial foreclosure proceedings.[27]  However, Plaintiffs have made no allegations supporting a claim that there were any problems with the recording, and there is nothing to support the allegations that ReconTrust was not properly appointed the successor trustee.

Plaintiffs' claim alleges that Defendants made a misleading assertion by recording the Notice of Default and Substitution.  Plaintiffs allege that due to the defects in notice, the recording of the documents itself was a misleading assertion.  This cannot be the case because it is not possible to provide notice of a recording, which requires a copy of the documents recorded, before actually recording the documents.

The statute did require ReconTrust to send proper notice to Plaintiffs of both

---

[25]*Concepts, Inc. v. First Sec. Realty Servs., Inc.*, 743 P.2d 1158, 1159 (Utah 1987) (citing *Morrell v. Arctic Trading Co., Inc.* 584 P.2d 983, 987 (Wash. Ct. App. 1978)).

[26]*Id.* (citing *Russell v. Webster Springs Nat'l Bank*, 265 S.E.2d 762, 764 (W. Va. 1980)).

[27]Docket No. 2-2, at 10.

ReconTrust's appointment as successor trustee and the Notice of Default.  Plaintiffs' Complaint does allege that the documents sent to Plaintiffs were missing the required signatures, were missing acknowledgments, had incorrect or missing dates, and included extra pages.  However, even if the notices sent to Plaintiffs were incomplete, they are not misrepresentations sufficient to support a claim for fraud.  The information that the notices purported to communicate to Plaintiffs, that a Notice of Default and Substitution had been recorded, was correct.

Therefore, the Court will grant Defendants' Motion to Dismiss as to Plaintiffs' fraud claim.

>        2.        *Negligent Misrepresentation*

The parties dispute whether the Court should consider Plaintiffs' negligent misrepresentation claim under Fed. R. Civ. P. 12(b)(6) or under the heightened pleading standard of Fed. R. Civ. P. 9(b).  However, the Court need not decide this because Plaintiffs' claim must fail under either standard.

As discussed earlier, Plaintiffs' Complaint has not alleged any misrepresentations made by Defendants.  At best, Plaintiffs' Complaint alleges a defect in the notice provided to Plaintiffs of the recording of a Notice of Default and Substitution.

Even if Plaintiffs had properly alleged a misrepresentation, they cannot prove damages based on the facts alleged.  There is no evidence that Plaintiffs have lost any property rights as a result of the notice being sent, or that any foreclosure sale has occurred.  The only expenses incurred by Plaintiffs are the attorney fees incurred in bringing this suit.  "In Utah, a district court

generally may not award attorney fees unless provided for by contract or statute."[28]  Here, Plaintiffs have not asserted either a contractual or statutory right to attorney fees.

Therefore, the Court will grant Defendants' Motion to Dismiss as to Plaintiffs' negligent misrepresentation claim.

   *3.  Covenant of Good Faith and Fair Dealing*

As a general rule, "every contract is subject to an implied covenant of good faith."[29] "Under the covenant of good faith and fair dealing, each party impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract."[30]

Plaintiffs' claim for a breach of the implied covenant of good faith and fair dealing rests in part on the same facts as Plaintiffs' fraud and negligent misrepresentation claims.  Plaintiffs' Complaint does not include any allegations demonstrating how their contractual rights have been injured by the notice defects.  Plaintiffs have not alleged facts to show that their property was not subject to default, only that the notice they received was improper.  Plaintiffs' property has not been sold and Plaintiffs continue to enjoy the use of their property.  Absent any allegation of facts showing that Plaintiffs' property was not subject to default or a showing of how the appointment of a successor trustee interfered with Plaintiffs' contractual rights, this claim cannot

---

[28]*PC Crane Serv., LLC v. McQueen Masonry, Inc.*, 273 P.3d 396, 403 (Utah Ct. App. 2012).

[29]*Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 55 (Utah 1991).

[30]*St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 199 (Utah 1991) (citing *Bastian v. Cedar Hills Inv. & Land Co.*, 632 P.2d 818, 821 (Utah 1981); *Ferris v. Jennings*, 595 P.2d 857 (Utah 1979)).

stand.

Finally, Plaintiffs allege that the inconsistencies in the legal description of the property contained in the Amendment has negative potential ramifications for adjacent landowners.  Even if this could be proven, Plaintiffs do not have standing to pursue the claims of their neighbors.

Therefore, the Court will grant Defendants' Motion to Dismiss as to Plaintiffs' claim for a breach of the covenant of good faith and fair dealing.

### 4.     *Improper Execution of Foreclosure Proceedings*

Plaintiffs' Complaint does not allege that a foreclosure sale has occurred.  Instead, Plaintiffs' claim is that Defendants' failure to provide proper copies of the Substitution and Notice of Default was in violation of the statute.  As noted above, "[t]he objective of the notice is to prevent a sacrifice of the property.  If that objective is attained, immaterial errors and mistakes will not affect the sufficiency of the notice or the sale made pursuant thereto."[31]  As Plaintiffs have not alleged any facts to suggest that their property is not actually subject to default, the defects in notice cannot support this claim.

Therefore, the Court will grant Defendants' Motion to Dismiss as to Plaintiffs' claim for improper execution of foreclosure proceedings.

### 5.     *Quiet Title*

Plaintiffs' claim for quiet title rests on the fact that the legal description attached to the Amendment differs from the legal description on the Second Warranty Deed.  Plaintiffs therefore request that the Court grant Plaintiffs clear title to the property.

---

[31] *Concepts, Inc.*, 743 P.2d at 1159 (citing *Russell*, 265 S.E.2d at 764).

10

Although this argument is novel, it does not have merit.  Plaintiffs' argument rests on the presumption that the legal description in the Amendment functioned to amend the legal description of the Trust Deed.  However, a plain reading of the Amendment document reveals that the Amendment specifically laid out which portions of the Trust Deed it was intended to Amend.  Specifically, the Amendment changes the maturity date of the Trust Deed from March 1, 2038 to August 1, 2038.  The Amendment does not claim to alter the legal description, but instead ratifies the legal description contained in the Trust Deed, saying, "[e]xcept as amended by this Amendment, all provisions of the Security Instrument are ratified and confirmed and shall remain in full force and effect."[32]

The fact that the wrong description was contained in the portion of the Amendment which specifies which instrument the Amendment was intended to amend does not function to also amend the legal description of the Trust Deed.  The effect of this mistaken legal description, if there is any at all, could only be to nullify the Amendment if a Court were unable to determine what document the Amendment was amending.  However, even if that were the case, it would not invalidate the original Trust Deed.

Here, the legal description in the Trust Deed matches that in the Second Warranty Deed. There is no confusion as to what property is owned by Plaintiffs and what property is covered by the Trust Deed.  Nor are there any facts supporting an assertion that the Court should grant Plaintiffs their property free and clear of a properly executed Trust Deed.

Additionally, Plaintiffs' Complaint requests that "[a]ny interest possessed or claimed by

---

[32]Docket No. 11-4, at 1.

Defendants in excess of that actually owned by Plaintiffs . . . should be extinguished."[33] Plaintiffs do not have standing to pursue a quiet title action for property that they do not own. Therefore, the Court will grant Defendants' Motion to Dismiss as to Plaintiffs' claim for quiet title.

B.      PLAINTIFFS' MOTION TO DISMISS

The Counterclaim filed by Defendants/Counterclaim Plaintiffs seeks reformation of the legal description in the Amendment under the legal theories of mutual mistake and unilateral mistake. As has been noted earlier, altering the legal description in the Amendment would not serve to alter the Trust Deed. Therefore Defendants/Counterclaim Plaintiffs' Counterclaim causes of action are moot, and Plaintiffs/Counterclaim Defendants' Motion to Dismiss will be granted.

IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 10) is GRANTED. Plaintiffs' Complaint (Docket No. 2-2) is DISMISSED WITH PREJUDICE. It is further

ORDERED that Plaintiffs/Counterclaim Defendants' Motion to Dismiss (Docket No. 32) is GRANTED. Defendants/Counterclaim Plaintiffs' Counterclaims (Docket No. 14) are DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to close this case forthwith.

---

[33]Docket No. 2-2, at 16.

DATED   January 30, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge